IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DGM SUPPLY, INC.,                          §
                          Plaintiff        §
                                           §
V.                                         §        C.A. NO. _____
                                           §
PING AN PROPERTY & CASUALTY                §
INSURANCE COMPANY OF CHINA, LTD.           §
and EWIG INTERNATIONAL MARINE              §
CORPORATION,                               §
                          Defendants       §

## DEFENDANT EWIG INTERNATIONAL MARINE CORPORATION'S NOTICE OF REMOVAL

TO THE COURT:

Ewig International Marine Corporation (hereinafter "Ewig"), a defendant herein, by and through its attorneys of record, Hill Rivkins LLP, who while expressly reserving all issues or questions other than that of removal, files its Notice of Removal on the basis of federal diversity jurisdiction, and in support would respectfully show the Court as follows:

I.

On June 28, 2010, Plaintiff DGM Supply, Inc. (hereinafter "DGM") filed this civil action alleging breach of contract, bad faith and violations of the Texas Insurance Code in the 189th Judicial District Court of Harris County, Texas, under Cause No. 2010-39543.  DGM did not make a jury demand in the state court.

II.

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Ewig hereby removes this action from the 189th Judicial District Court of Harris County, Texas, Cause No.

2010-39543, to this Honorable Court.  Defendant Ewig was served (improperly) with Plaintiff's Original Petition by certified mail on July 16, 2010.  Therefore, the Notice of Removal is timely filed within the thirty-day period specified by 28 U.S.C. § 1446(b).

III.

Plaintiff DGM pleads that it is a corporation incorporated under the laws of Texas with its principal place of business in Midland, Texas, thus Plaintiff DGM is a citizen of Texas (DGM's Complaint, par. 2).

Plaintiff DGM pleads that Defendant Ping An Property & Casualty Insurance Company of China, Ltd. (hereinafter "Ping An") is a corporation or other entity incorporated or otherwise organized under the laws of China with its principal place of business in Shanghai, China, thus Defendant Ping An is a citizen of China (DGM's Complaint, par. 3).

As plead by Plaintiff DGM, Defendant Ewig is a corporation incorporated under the laws of New York with its principal place of business in New Jersey, thus Defendant Ewig is a citizen of New York and New Jersey (DGM's Complaint, par. 4).

Plaintiff DGM pleads for damages in the amount of at least $750,000.00, which exceeds the amount of $75,000.00 exclusive of interest and costs (DGM's Complaint, pars. 21 & 22).

IV.

Removal is proper as the District Courts of the United States have original jurisdiction over Plaintiff DGM's lawsuit against Defendant Ewig and the other defendant.  The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 as Plaintiff

DGM is diverse in citizenship from both defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

V.

In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, copies of all executed process, pleadings asserting causes of action, all orders signed by the state judge, and the docket sheet are attached. An Index of Matters Being Filed and List of All Counsel of Record are filed contemporaneously with the Notice of Removal.

VI.

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be promptly given to all parties, the District Clerk of Harris County, Texas, and the Clerk of the United States District Court for the Southern District of Texas, Houston Division.

VII.

It is not necessary for Defendant Ping An to join in the removal of this action as Plaintiff DGM pleads that it has not requested service on Defendant Ping An (DGM's Complaint, par. 3). *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.3d 1254, 1262 (5th Cir. 1988) (joinder in removal petition required only by "all defendants who are properly joined and served" at the time of removal).

Defendant Ewig respectfully prays that the state court action be removed to this Court and placed on the Court's docket for further proceedings, and for such other and further relief to which Defendant Ewig may show itself justly entitled.

Respectfully submitted,

*Robert Glen Moll*

DANA K. MARTIN
SDTX I.D. No. 126
Tex. Bar No. 13057830
ROBERT G. MOLL
SDTX I.D. No. 15213
Tex. Bar No. 00784622
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:    713/457-2287
Telefax:       713/222-1359

ATTORNEY FOR DEFENDANT
EWIG INTERNATIONAL
MARINE CORPORATION

OF COUNSEL:

HILL RIVKINS LLP

### Certificate of Service

On this _9th_ day of August, 2010, a true and correct copy of the foregoing was duly served by electronic filing or by certified mail, return receipt requested, to:

Chad Smith, Esq.
Julie Goen, Esq.
The Law Office of Chad Smith, P.C.
8008 Slide Road, Suite 33
Lubbock, Texas 79424

*Robert Glen Moll*

CAUSE NO. 2010-39543

| | | |
|---|---|---|
| DGM SUPPLY, INC., | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| PING AN PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY OF CHINA, LTD. | § | |
| and EWIG INTERNATIONAL MARINE | § | |
| CORPORATION, | § | |
| **Defendants** | § | 189th JUDICIAL DISTRICT |

## DEFENDANT EWIG INTERNATIONAL MARINE CORPORATION'S NOTICE OF FILING OF REMOVAL

TO:    Plaintiff, DGM Supply, Inc., by and through its attorneys of record, Chad Smith, Esq. and Julie Goen, Esq., The Law Office of Chad Smith, P.C., 8008 Slide Road, Suite 33, Lubbock, Texas 79424.

You are hereby notified that on the 5th day of August, 2010, Ewig International Marine Corporation, a defendant herein, filed in the United States District Court for the Southern District Of Texas, Houston Division, its Notice of Removal, a copy of which is attached and incorporated by reference herein, for the purpose of removing this case to federal court.  Defendant Ewig International Marine Corporation has filed with the District Clerk of Harris County, Texas, a copy of its Notice of Removal, thereby removing this action.

Respectfully submitted,

*Robert Glen Moll*

DANA K. MARTIN
Tex. Bar No. 13057830
ROBERT G. MOLL
Tex. Bar No. 00784622
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:     713/457-2287
Telefax:        713/222-1359

ATTORNEY FOR DEFENDANT
EWIG INTERNATIONAL
MARINE CORPORATION

OF COUNSEL:

HILL RIVKINS LLP

## Certificate of Service

On this __4th__ day of August, 2010, a true and correct copy of the foregoing was duly served by electronic filing or by certified mail, return receipt requested, to:

Chad Smith, Esq.
Julie Goen, Esq.
The Law Office of Chad Smith, P.C.
8008 Slide Road, Suite 33
Lubbock, Texas 79424

*Robert Glen Moll*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DGM SUPPLY, INC.,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | C.A. NO. _____ |
| | § | |
| **PING AN PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY OF CHINA, LTD.** | § | |
| **and EWIG INTERNATIONAL MARINE** | § | |
| **CORPORATION,** | § | |
| **Defendants** | § | |

## INDEX OF MATTERS BEING FILED

1. Notice of Removal

2. Notice of Filing Removal (state court)

3. Index of Matters Being Filed

   A. Executed Service of Process

      Ewig International Marine Corporation

   B. Pleadings

      Plaintiff's Original Petition.

   C. State Court Orders

      None.

   D. State Court Docket Sheet

4. List of All Counsel of Record.

Respectfully submitted,

*Robert Ellen Moll*

DANA K. MARTIN
SDTX I.D. No. 126
Tex. Bar No. 13057830
ROBERT G. MOLL
SDTX I.D. No. 15213
Tex. Bar No. 00784622
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:    713/457-2287
Telefax:       713/222-1359

ATTORNEY FOR DEFENDANT
EWIG INTERNATIONAL
MARINE CORPORATION

OF COUNSEL:

HILL RIVKINS LLP

## Certificate of Service

On this 5th day of August, 2010, a true and correct copy of the foregoing was duly served by electronic filing or by certified mail, return receipt requested, to:

Chad Smith, Esq.
Julie Goen, Esq.
The Law Office of Chad Smith, P.C.
8008 Slide Road, Suite 33
Lubbock, Texas 79424

*Robert Ellen Moll*

**FILED**
Loren Jackson
District Clerk

71 1563 6453 1300 0607 62

JUL 2 2 2010      CAUSE NO. 201039543          901

Time: _____
By _____      RECEIPT NO. 2800        65.00      CO1
                06-28-2010          TR # 72552380

PLAINTIFF: DGM SUPPLY INC
      vs.                                      In The  189th
DEFENDANT: PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF C    Judicial District Court
                                               of Harris County, Texas
                  1039543                      189TH DISTRICT COURT
                                               Houston, TX          (3)

                    CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

                              CERTIFIED MAIL BY CONSTABLE

TO: EWIG INTERNATIONAL MARINE CORPORATION (NEW YORK CORPORATION) BY
    SERVING ITS REGISTERED AGENT MICHAEL KATZ ESQ
    382 SPRINGFIELD AVENUE SUITE 217   SUMMIT NJ 079012707

      Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 28th day of June, 2010, in the above cited cause number
and court. The instrument attached describes the claim against you.

      YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
      This citation was issued on 7th day of July, 2010, under my hand and
seal of said Court.

Issued at request of:              Loren JACKSON, District Clerk
SMITH, CHAD JUSTIN                 Harris County, Texas
8008 SLIDE RD STE 33               201 Caroline    Houston, Texas 77002
LUBBOCK, TX 79424                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (806) 783-0056
Bar No.: 24027867                  GENERATED BY: JOHNSON, CHARLETA MA   Y89/2FK/8743515

                    CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____      ADDRESS _____

                             Service was executed in accordance with Rule 106(a)
                             (2) TRCP, upon the Defendant as evidenced by the
ADDRESSEE                    return receipt incorporated herein and attached
                             hereto at _____

                             on _____ day of _____, _____
                             by U.S. Postal delivery to _____

                             This citation was not executed for the following
                             reason: _____

                             LOREN JACKSON, District Clerk
                             HARRIS COUNTY, T E X A S

                             By _____, Deputy

N.INT.CITM.P

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



**UNITED STATES POSTAL SERVICE.**

Date Produced: 07/19/2010

HARRIS COUNTY CONSTABLE

The following is the delivery information for Certified Mail™ item number 7115 6364 5313 0006 0762. Our records indicate that this item was delivered on 07/16/2010 at 12:32 p.m. in SUMMIT, NJ, 07901. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 300000000009824

Ewig International
2010· 39543



**JACK F. ABERCIA, CONSTABLE**
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS

MAIN OFFICE
  P.O. BOX 52578
  HOUSTON, TEXAS 77052-2578
  (713) 755-5200 FAX (713) 755-8951

ANNEX OFFICE
  7300 NORTH SHEPHERD
  HOUSTON, TEXAS 77091
  (713) 697-3600  FAX (713) 697-3649

### OFFICER'S RETURN FOR CERTIFIED MAIL

Received this CITATION, case #__201039543__ on the __13TH__ *day* of __JULY 2010__ at __3:45 P.M.__ Executed at __382 SPRINGFIELD AVENUE SUITE 217 SUMMIT NJ 079012707__ by mailing to the within name __*EWIG INTERNATIONAL MARINE CORPORATION BY SERVING ITS REG AGENT MICHAEL KATZ ESQ*__ AND by delivering to __*B. KEITEL*__ on the __16TH__ *day* of __JULY 2010__ BY REGISTERED/**CERTIFIED MAIL** WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, a true copy of this citation together with a copy of PLAINTIFF'S ORIGINAL PETITION

FEE :  $65.00

JACK F. ABERCIA, CONSTABLE
PCT #1, HARRIS COUNTY TX

DEPUTY:

Unofficial Copy Office Of Harris County District Clerk



CAUSE NO. 2010  39543

| | |
|---|---|
| DGM SUPPLY, INC. § | IN THE 189 DISTRICT COURT |
| VS. § | |
| § | IN AND FOR |
| PING AN PROPERTY & CASUALTY § | |
| INSURANCE COMPANY § | |
| OF CHINA, LTD, § | |
| and EWIG INTERNATIONAL § | |
| MARINE CORPORATION § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DGM SUPPLY, INC., Taxpayer ID number **-***1151, (hereinafter referred to as "DGM" or "Plaintiff") complaining of PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA, LTD, Taxpayer ID unknown, and EWIG INTERNATIONAL MARINE CORPORATION, Taxpayer ID Unknown, (hereinafter collectively referred to as "Defendants", or "Ping An" and "EWIG"), and for cause of action would respectfully show the Court as follows:

(1)    Pursuant to the *Texas Rules of Civil Procedure*, Plaintiff elects to conduct discovery pursuant to Level Two.

(2)    DGM SUPPLY, INC. is a Texas Corporation having its principal place of business in Midland County, Texas.

(3)    Ping An is a Chinese company doing business in the State of Texas. Ping An has its principal place of business at B1 Area, 4th Floor of #1 Building, #1158 of Shangfend Road, Pudong District, Shanghai City, China, 201201. Ping An engaged in business in the State of Texas, and this lawsuit arises out of Ping An's business in Texas. No service is requested on Ping An at this time.

---

(4)    EWIG is a New York corporation whose registered agent for service of process is Michael Katz, Esq., 382 Springfield Avenue, Suite 217, Summit, New Jersey, 07901-2707. Plaintiff requests that EWIG be served by certified mail, return receipt requested.

(5)    This Court has jurisdiction over the subject matter in that the amount in controversy exceeds the minimum jurisdictional limits of this Court, and the Defendants are a doing business in the State of Texas.

(6)    Venue is proper in Harris County, Texas, because all or a substantial portion of the acts giving rise to the causes of action occurred in Harris County.   Further, the insurance policy subject to this dispute specifically states that the claim is payable in Houston.

(7)    All conditions precedent to filing this suit have occurred or have been performed.

### Statement of Facts

(8)    DGM agreed to purchase a large quantity of pipe from International Precious Resources, LLC to be manufactured by Tianjin Shuangjie Pipe Manufacturing Co., Ltd.  The purchase included:

IPR- DGM08-1C
- 40,950' x 8 5/8" 32# J55 LTC API 5CT Casing;

- 19,824' x 8 5/8" 24# J55 STC API 5CT Casing; and

IPR-DGM0802-B

- 33,929.86' x 8 5/8" 32# J55 LTC API 5CT Casing.

(9)    The terms of the contract required that such pipe be delivered in a new and unused condition, FOB to a location in Houston, Texas, with Defendants paying all duty and loading fees.  Although the 33,929.86' of pipe was required to be shipped by October 15, 2008, the pipe was not loaded in China until November 23, 2008, and was not shipped from China until

November 25, 2008. The pipe did not arrive into the Port of Houston until February 3, 2009, over sixty-six (66) days late.

(10)   Not only did the pipe arrive substantially late, but the pipe also arrived in a substantially damaged manner. The pipe arrived with numerous high seams, split joints, and other defects. The damage included substantial dents at the ends of the pipe, as well as cracks and breaks ranging from hairline fractures in the pipe to fist-sized sections at the end of the pipe entirely broken off. DGM would not have purchased the pipe had it known that the pipe would be delivered in such a defective manner.

(11)   International Precious Resources, LLC purchased a Cargo Transportation Insurance Policy from Ping An. The policy insured 269 packages of 8-5/8" casing at a total worth of $788,231.85. Ping An designated any claim as payable in Houston, Texas, United States. The policy specifically designated EWIG as the surveyor for any damages to the cargo.

(12)   EWIG is an agent of Ping An based on its designation as the only surveyor Ping An will allow to survey cargo damages for the purpose of determining claims. EWIG surveyed the damaged pipe at the request of Ping An. EWIG sent the results of the survey directly to Ping An and notified representatives of both Plaintiff and International Precious Resources after multiple requests for an updated status of the claim that refuses to provide a copy of such report. The relationship between EWIG and Ping An is that of a principal and its agent. Ping An's sole control over the actions of EWIG relates to decisions that EWIG can make pertaining to Ping An's cargo insurance policies. Ping An may be held liable for the acts and/or omissions of EWIG that fall within the scope of EWIG and Ping An's business relationship. EWIG is liable for its acts and/or omissions that occur during the scope of relevant business activities.

(13)   On October 19, 2009, Plaintiff's lawyer sent a letter to Ms. Lily Lee of Ping An acknowledging the existence of the cargo insurance policy and Ping An's employment of EWIG to conduct an inspection of the damaged pipe. This letter was sent after the insurance claim had been pending for nine (9) months and requested that Ping An confirm acceptance of responsibility for the shipping damages and the extent of those damages, or, alternatively, deny all responsibility. The letter also requested a status update regarding the claim and a copy of an English version of the insurance policy. Ping An did not respond.

(14)   In an October 23, 2009 letter to Plaintiff's attorney, EWIG stated that the final evaluation and repair of the pipes was the obligation of the insured and/or claimant. Plaintiff's attorney immediately responded requesting documentation supporting that contention. EWIG failed to respond. No further responses were received from EWIG until February 22, 2010 in which Defendant's representative Captain Amir informed Plaintiff that the survey of the damaged pipes had been sent to the Daebo Shipping in Korea as per the Cargo Insurance Policy and EWIG had closed the file. Despite repeated requests, EWIG has failed and refused to turn over any inspection reports or provide any information as to the results of its inspection of the damaged goods.

(15)   On February 19, 2010, a surveyor from EWIG conducted an inspection of the damaged pipes based on International Precious Resources' Cargo Insurance Policy with Ping An. On July 14, 2009, EWIG informed Plaintiff that, based on its inspection, EWIG believed the pipes should be repaired to mitigate losses and stated that it had requested International Precious Resources to submit repair invoices.

(16)   On February 26, 2010, Plaintiff's attorney sent a second letter to Lily Lee at Ping An again requesting the status of Plaintiff's insurance claim. Ping An did not respond.

(17)   As of the filling of this Petition, Plaintiff has not received any type of response from either of the Defendants.  Effective as of May 25, 2010, International Precious Resources, LLC assigned to Plaintiff all of its rights, title, and interest in and to the insurance policy, contract, and benefits.

### Breach of Contract

(18)   Plaintiff, as the assigned beneficiary of the policy, alleges that Defendants are in breach of contract under the Cargo Insurance Policy.  Plaintiff's claim for breach of contract centers around Defendants' following actions:

A.  failure to accept or reject the Insurance Claim within a reasonable amount of time,

B.  failure to respond to any correspondence with the Plaintiff,

C.  failure to give Plaintiff an update on the status of the claim,

D.  failure to pay the amount of the claim in a timely manner, and

E.  failure to act in good faith to the Plaintiff's detriment.

The insurance policy specifically covered all shipping and cargo damages to the goods.  Despite clear and convincing evidence that the goods were damaged during shipping, the insurance policy has not been paid by Ping An, and EWIG has failed and refused to provide information concerning its inspection report and damages claim.  Defendants breached the contract by failing to perform the contract as set forth according to its specific terms and conditions.  The failure to perform the contract as agreed constitutes breach of damages for which Plaintiff sues.  Therefore, Plaintiff seeks to recover all damages resulting from the breach of contract as set forth herein.

### Texas Insurance Code Violations

(19)   Plaintiff would show that the Defendants have failed to act in good faith in responding to Plaintiff's request for payment of the claim.  Defendants have:

    A. failed to acknowledge receipt of the claim within the proper timeframe outlined under the *Texas Insurance Code*;

    B. have failed to accept or reject the claim within the proper time frame outlined in the *Texas Insurance Code;* and

    C. have acted in bad faith by delaying payment of the insurance claim at the Plaintiff's detriment.

(20)    The above-described acts constitute violations of the *Texas Insurance Code* (hereinafter "*Tex. Ins. Code*") as follows:

    A. §542.055(a)(1) - Failure to acknowledge receipt of the claim within 15 business days of receiving the claim;

    B. §542.056(a) - Failure to notify claimant in writing of the acceptance or rejection of the claim no later than the 15th business day after insurer has received all items, statements, and forms required by the insurer to secure final proof of loss;

    C. §542.056(c) - Failure to notify the claimant of the reasons the insurer needs additional time to accept or reject the claim within 15 business days of receiving all items, statements, and forms required by the insurer to secure final proof of loss;

    D. §542.058(a) - Delaying payment of a claim for a period of more than 60 days after receiving all items, statements, and forms reasonably requested and required under §542.055; and

    E. Failure to uphold a duty of good faith and fair dealing.

Therefore, pursuant to §542.058(a) and §542.060(a-b) of the *Texas Insurance Code*, Plaintiff is entitled to be compensated for all damages, including payment of the amount of the claim taxed at a rate of 18 percent (18%) per annum for damages and reasonable attorneys fees also taxed at the same rate.

### Damages

(21)    Plaintiff seeks to recover all damages incurred by Plaintiff to remedy the defects in the goods caused by the shipping and handling damages. Such damages are in the amount of $500,000.00, which represent the cost of repairing the damaged goods and the cost of shipping and handling goods as part of the repair process. In addition, Plaintiff is entitled to interest at the rate of 18 percent (18%) per annum beginning ninety (90) days from the initial notice to Defendants of the claim because Defendants failed to notify Plaintiff or its predecessor of its acceptance or rejection of the claim within the statutory required period. Due to the fact that Defendants' acts and/or omissions were committed knowingly, Plaintiff seeks treble and/or exemplary damages in the maximum amount provided by law to be determined by the trier of fact.

(22)    Plaintiff also has lost substantial income and profit resulting from Defendants' failure to pay the Cargo Insurance Claim. The exact amount of damages from loss of income and profit is still being incurred but such damages are in the minimum amount of $250,000.00.

### Request for Attorney Fees

(23)    Based on the Defendants' egregious breach of contract and pursuant to the *Texas Insurance Code*, Plaintiff is entitled to recovery of all costs and reasonable and necessary attorney fees incurred in the prosecution of this action. Plaintiff would show that reasonable and necessary attorney fees incurred in the prosecution of this case are as follows:

A.      the sum of $50,000.00 for prosecution of this case through the trial court stage;

B.      the sum of $25,000.00 for making or defending an appeal to the Court of Appeals;

C.      the sum of $15,000.00 for making or defending an Application for Writ of Error to the Texas Supreme Court; and

D.    the sum of $15,000.00 for making and defending an appeal to the Texas Supreme Court in the event an Application for Writ of Error is granted.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA, LTD and EWIG INTERNATIONAL MARINE CORPORATION be cited to appear and answer herein, and that upon final resolution of this matter, that Plaintiff be awarded the following:

A.   Award of damages against PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA, LTD and EWIG INTERNATIONAL MARINE CORPORATION as set forth above;

B.   Pre-judgment and post-judgment interest in the maximum amount provided by law;

C.   An award of treble and/or exemplary damages against PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA, LTD and EWIG INTERNATIONAL MARINE CORPORATION in the maximum amount provided by law;

D.   Reasonable and necessary attorney fees in the amount and upon the contingencies set forth above;

E.   All costs of Court; and

F.   Any and all such other and further relief to which the Plaintiff may show itself justly entitled

Respectfully submitted,

CHAD SMITH
State Bar No. 24027867
JULIE GOEN
State Bar No. 24069793
The Law Office of Chad Smith, P.C.
8008 Slide Road, Suite 33
Lubbock, Texas 79424-2828
806/783-0056 (Telephone)
806/771-2008 (Facsimile)

| HCDistrictclerk.com | DGM SUPPLY INC vs. PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF C | 8/4/2010 |
|---|---|---|
| | Cause: 201039543      CDI: 7      Court: 189 | |

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## SUMMARY

### CASE DETAILS

| | | COURT DETAILS | |
|---|---|---|---|
| File Date | 6/28/2010 | Court | 189th |
| Case (Cause) Location | Civil Intake 1st Floor | Address | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:7133686300 |
| Case (Cause) Status | Active - Civil | | |
| Case (Cause) Type | BREACH OF CONTRACT | JudgeName | Bill R. Burke Jr. |
| Next/Last Setting Date | N/A | Court Type | Civil |

## PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| DGM SUPPLY INC | PLAINTIFF - CIVIL | | SMITH, CHAD JUSTIN |
| PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA LTD | DEFENDANT - CIVIL | | |
| EWIG INTERNATIONAL MARINE CORPORATION | DEFENDANT - CIVIL | | |
| PING AN PROPERTY & CASUALTY | REGISTERED AGENT | | |

INSURANCE
COMPANY OF
CHINA LTD
(CHINESE

EWIG                    REGISTERED AGENT
INTERNATIONAL
MARINE
CORPORATION
(NEW YORK
CORPORATION)
BY

    382 SPRINGFIELD AVENUE SUITE 217, SUMMIT, NJ 07901-2707

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Attorney |
|---|---|---|---|---|---|
| 6/28/2010 | ORIGINAL PETITION | | | 0 | SMITH, CHAD JUSTIN |

## SERVICE

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliv To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (NON-RESIDENT CORPORATE) | SERVICE ISSUED / IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA LTD (CHINESE COMPANY) | 6/28/2010 | 7/7/2010 | | | | 72552378 | MAIL T ATTOR |
| CITATION (CERTIFIED) | SERVICE RETURN / EXECUTED | ORIGINAL PETITION | EWIG INTERNATIONAL MARINE CORPORATION (NEW YORK CORPORATION) BY SERVING ITS REGISTERED AGENT MICHAEL, KATZ ESQ | 6/28/2010 | 7/7/2010 | 7/16/2010 | 7/20/2010 | 7/23/2010 | 72552380 | CONST PCT 1 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 45888157 | Citation (Certified) | | 07/22/2010 | 3 |
| 45674996 | Plaintiffs Original Petition | | 06/28/2010 | 8 |
| -> 45675000 | Envelope | | 06/28/2010 | 1 |
| -> 45674998 | Filing letter | | 06/28/2010 | 1 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DGM SUPPLY, INC.,** § | |
| **Plaintiff** § | |
| § | |
| **V.** § | **C.A. NO. _____** |
| § | |
| **PING AN PROPERTY & CASUALTY** § | |
| **INSURANCE COMPANY OF CHINA, LTD.** § | |
| **and EWIG INTERNATIONAL MARINE** § | |
| **CORPORATION,** § | |
| **Defendants** § | |

## LIST OF ALL COUNSEL OF RECORD

1.      Chad Smith, Esq.
        Julie Goen, Esq.
        The Law Office of Chad Smith, P.C.
        8008 Slide Road, Suite 33
        Lubbock, Texas 79424
        Telephone:    806/783-0056
        Telefax:      806/771-2008

        ATTORNEY FOR PLAINTIFF
        DGM SUPPLY, INC.

2.      Dana K. Martin, Esq.
        Robert G. Moll, Esq.
        HILL RIVKINS LLP
        55 Waugh Drive, Suite 1200
        Houston, Texas 77007
        Telephone:    713/457-2287
        Telefax:      713/222-1359

        ATTORNEY FOR DEFENDANT
        EWIG INTERNATIONAL MARINE CORPORATION

Respectfully submitted,

*Robert Glen Moll*

DANA K. MARTIN
SDTX I.D. No. 126
Tex. Bar No. 13057830
ROBERT G. MOLL
SDTX I.D. No. 15213
Tex. Bar No. 00784622
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:     713/457-2287
Telefax:         713/222-1359

ATTORNEY FOR DEFENDANT
EWIG INTERNATIONAL
MARINE CORPORATION

OF COUNSEL:

HILL RIVKINS LLP

## Certificate of Service

On this 5th day of August, 2010, a true and correct copy of the foregoing was duly served by electronic filing or by certified mail, return receipt requested, to:

Chad Smith, Esq.
Julie Goen, Esq.
The Law Office of Chad Smith, P.C.
8008 Slide Road, Suite 33
Lubbock, Texas 79424

*Robert Glen Moll*